UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MELVIN LOGAN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:10-cv-00518-JAW |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION

On September 20, 2007, the Maine Superior Court sentenced Melvin Logan on multiple counts of possession of sexually explicit materials. He received a series of consecutive and concurrent terms of imprisonment, followed by a six-year period of probation. This petition, brought pursuant to 28 U.S.C. § 2254, challenges a September 10, 2010, order revoking his probation and sentencing him to serve an additional nine months of the previously imposed sentence.[1] I now recommend that the Court deny Logan's petition and summarily dismiss it without need of further evidentiary proceedings.

### DISCUSSION

Logan complains that his probation was revoked for a "technical" violation. He alleges that as a condition of probation he was ordered to refrain from the use of the internet and that a third person used the internet to post a copy of a book he had written. According to Logan, this

---

[1] This is not Logan's first visit to this Court seeking § 2254 relief in conjunction with the underlying convictions. In August 2010, Logan filed a petition challenging not a probation revocation, but rather the underlying convictions. His state court convictions became final on March 16, 2009, for purposes of calculating the 28 U.S.C. § 2244(d)(1) one-year limitation period. Furthermore, in conjunction with his challenge to the underlying convictions, Logan never properly exhausted his available state court remedies. See Logan v. State, 2:10-cv-00353-JAW. As noted by the State in its response, this is not a second or successive petition because Logan is challenging a new judgment and commitment imposing an additional period of imprisonment. (State's Resp. at 3 n.2, Doc. No. 6.)

posting was without his consent, but nevertheless the judge found him in violation of his probation. Logan asserts a First Amendment right to have his words and thoughts posted on the internet and claims the state court exceeded its authority by revoking his probation in these circumstances. His case presents an interesting factual scenario.

Nevertheless, Logan must properly exhaust his claims in state court before the issue can be joined in this Court. Logan failed to file a notice of discretionary appeal to the Maine Law Court following the Superior Court's revocation order. The excuse offered by Logan is that he does not believe the state provides any remedy regarding an appeal of a probation revocation. Contrary to Logan's belief, Maine does have a statutory process in place to appeal orders revoking probation. See 17-A M.R.S. § 1207(2) & M. R. App. P. 19(a). The remedy allows for a discretionary appeal and to exhaust the process leave to take the appeal must be sought. The Superior Court docket entries submitted by the State do not definitively reveal the current status of the probation revocation, the last entry being an order for preparation of the transcript of the revocation hearing, entered on January 25, 2011. The sentence imposed at the September 10, 2010, revocation hearing does not actually appear anywhere on the docket entries, although Logan indicates in his petition it was a nine-month period of imprisonment. Prior docket entries on an earlier revocation of probation, dated November 26, 2008, include an entry indicating the disposition and judgment. However incomplete, the docket does clearly establish that Logan has never sought leave to take a discretionary appeal from whatever happened on September 10, 2010.

Title 28 U.S. C. § 2254(b)(1)(A) requires that a habeas petitioner exhaust "the remedies available in the courts of the State" prior to applying for federal habeas relief. In order to exhaust state court remedies, "the prisoner must fairly present his claim in each appropriate state court (*including a state supreme court with powers of discretionary review*), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added)

(internal quotation marks omitted); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007) (discussing the issue of "exhaustion and procedural default" anent claims of legal error in state criminal prosecutions). If this sounds vaguely familiar to Logan, well it might, because all but one of the grounds of his petition challenging the original convictions were also dismissed because of his failure to exhaust state court remedies. Logan has again filed a petition in this Court prior to exhausting his state court remedies.

## CONCLUSION

Because Logan has failed to exhaust available state court remedies I RECOMMEND that this petition be DISMISSED. I further recommend that a certificate of appealability should not issue in the event Logan files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 29, 2011